UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN LEE,

        Plaintiff,

                                                  Case number 04-70550

v.                                               Honorable Julian Abele Cook, Jr.

DETECTIVE LIEUTENANT SASS, DETECTIVE
FRAZIER, DETECTIVE CARRIER, DETECTIVE
HEDIT, DETECTIVE JAMES COHOE, AND
OFFICER PERCY,

        Defendant.

ORDER

On February 13, 2004, the Plaintiff, Marvin Lee, filed a Complaint in which he accused the Defendants[1] of (1) applying unlawful and unwarranted excessive force, in violation of his Fourth Amendment rights and (2) committing acts of assault and battery, in violation of existing law in Michigan. On July 20, 2005, the Court authorized Thomas R. Present and Bert T. Ross to withdraw their representation of Lee as his attorneys in this law suit. Lee, being without counsel, has now filed a *pro se* "Motion for Appointment of Counsel" pursuant to 28 U.S.C. § 1915(e)(1).[2]

In a civil proceeding, such as this case, there is no constitutional right to counsel. *See Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). However, a court may appoint an attorney

---

[1] The Defendants in this litigation have been identified as Detective Lieutenant Sass, Detective James Cohoe, Detectives Frazier, Carrier, and Hedit, and Officer Percy, all of whom were purportedly members of the St. Clair Shores Michigan Department of Police during all of the times that are relevant to this controversy.

[2] 28 U.S.C. § 1915(e)(1) provides: "The court may request an attorney to represent any person unable to afford counsel."

to represent a litigant under "exceptional circumstances." *See id.*; *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). In defining "exceptional circumstances," courts are encouraged to explore (1) "'the abilities of the plaintiff to represent himself,'" *Lavado*, 992 F.2d at 606 (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)), as well as (2) the "'complexity of the factual and legal issues involved,'" *id.* (quoting *Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986)). Notwithstanding these factors, the Sixth Circuit Court of Appeals has discouraged the appointment of an attorney if the plaintiff's claims are frivolous or "when the chances of success are extremely slim." *See id.*; *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985).

In this case, the Court notes that (1) a "witness [Roxanne Lewis], under oath, testified that [Lee had] provided a written script of false testimony, offered [a] financial reward [in exchange for her] perjured testimony, [and] threatened [her] to assure cooperation," Def.'s Br. Supp. Answer Mot. Appoint. C. at 4, (2) his former attorneys, in their "Motion to Withdraw," had sought to be relieved of all future legal and ethical obligations to him because of this unlawful and unethical conduct, and (3) the time for discovery in this civil controversy has expired, the Court concludes that Lee has failed to establish that his claims against these Defendants (1) are not frivolous or (2) should be characterized as having occurred under an "exceptional circumstance."

Accordingly and for the reasons noted above, Lee's *pro se* motion for the appointment counsel must be, and is, denied.

IT IS SO ORDERED.


DATED:   October 19, 2005                          s/ Julian Abele Cook, Jr.
                                                   JULIAN ABELE COOK, JR.
                                                   United States District Judge

2

<u>Certificate of Service</u>

I hereby certify that on October 19, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

<u>s/ Kay Alford</u>
Courtroom Deputy Clerk