UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN LEE,

        Plaintiff,

                                                          Case number 04-70550

v.                                                     Honorable Julian Abele Cook, Jr.

DETECTIVE LIEUTENANT SASS et al.,

        Defendants.

## ORDER

In this civil litigation, the Defendants, all of whom are law enforcement officers with the City of St. Clair Shores in Michigan, filed a "Motion to Dismiss and For Sanctions (Plaintiff's Bad Faith Conduct)" and a "Motion for Summary Judgment." The *pro se* Plaintiff, Marvin Lee, has filed a "Motion to Compell (sic) Thumb Facility Staff to Allow Access to Discovery Materials." For the reasons stated below, the Court will (1) grant the Defendants' motion to dismiss, (2) deny their motion for summary judgment, and (3) deny the Plaintiff's motion to compel.

I.

In support of their motion to dismiss, the Defendants contend that Lee "has actively solicited and suborned perjury from a material witness."[1] Def.s' Br. Mot. Dismiss at 7. Notably, in his response brief, Lee does not challenge this assertion - indeed, tacitly admits - the

---

[1] A material witness, "Roxanna Lewis[,] testified [in the presence of Lee's former attorneys,] that Lee offered financial incentives to provide perjured deposition testimony and threatened her with physical violence when she refused. Defendants provided handwritten correspondence from Lee outlining (with specificity) the perjured testimony Lewis was to provide." Def.s' Reply Br. Mot. Dismiss at 1.

Defendants' allegations.[2]  *See* Pl.'s Resp. at 4.  In his response to the Defendants' motion to dismiss, Lee maintains that "his attempt to suborn perjury for the embellishment of his claims, (sic) does not negate the existence of credible claims." *Id.*

In *Chambers v. NASCO, Inc.*, the Supreme Court held that federal courts have "inherent authority" to sanction bad faith litigation conduct when the Federal Rules do not provide federal courts with sufficient authority to protect the integrity and prevent abuses of the judicial process. 501 U.S. 32, 43 (1991); *Runfola & Assocs. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 375 (6th Cir. 1996).  The *Chambers* Court explained that "[i]t has long been understood that [c]ertain implied powers must necessarily result to our courts of justice from the nature of their institution, powers which cannot be dispensed with in a court, because they are necessary to the exercise of all others." *Id.* at 43 (internal quotation marks and citation omitted) (second alteration in original). The inherent authority of the federal court is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Id.* (internal quotation marks and citation omitted).

"A primary aspect of [the federal court's inherent authority] is the ability to fashion an appropriate sanction for conduct which abuses the judicial process. . . . [O]utright dismissal of a lawsuit . . . is a particularly severe sanction, yet is within the court's discretion." *Id.* at 44-45.  Here, the Defendants contend that Lee's attempt to suborn a material witness in this litigation warrants an outright dismissal of the Complaint.  The Court agrees.

It is difficult to contemplate a clearer or more abhorrent example of a litigant's attempt to

---

[2] On May 18, 2005, the Court authorized Lee's attorneys, who had cited their client's attempt to cause a material witness to commit perjury, to withdraw from this case as his counsel.

2

abuse and subvert the integrity of the judicial process than an effort to suborn perjury from a material witness.  "Coercing or seeking to obtain or manufacture false testimony 'strikes at the heart of the judicial system.  Lying cannot be condoned in any formal proceeding . . . . Our legal system is dependent on the willingness of the litigants to allow an honest and true airing of the real facts."  *See Young v. Office of the United States Senate Sergeant At Arms*, 217 F.R.D. 61, 71 (D.D.C. 2003) (internal quotation marks and citation omitted) (alteration in original).

Such a calculating attempt to strip the judicial process of the very fiber that makes it function properly must be met with an equally forceful sanction.  *See Chambers*, 501 U.S. at 44-45.  In the judgment of this Court, the imposition of mere monetary sanctions would be an inappropriate and an ineffectual sanction under the circumstances.  Furthermore, it is highly unlikely that Lee, who is currently serving time in prison, could ever satisfy any monetary sanctions that the Court might impose upon him for his bad faith conduct.  *See id.* at 70.  Moreover, as the *Young* court explained,

> [T]he imposition of monetary sanctions alone would suggest that money could cure litigation misconduct even of the magnitude [of] . . . witness tampering and suborning perjury.  To impose only a money sanction would be 'an open invitation to abuse of the judicial process' and would convey a message to . . . litigants 'that they have everything to gain and nothing to loss' by engaging in such conduct.

*Id.* at 70 (citation omitted); *see also id.* at 69-72 (district court employing its inherent authority to dismiss case due to plaintiff's attempt to suborn perjury from material witnesses).  "Dismissal is particularly appropriate where a plaintiff seeks to enhance the merits of her case with fabricated evidence and fictionalized testimony."  *Id.* at 70.

Because the Court concludes that any sanction less than an outright dismissal of this matter

would be an inappropriate and an ineffectual sanction in light of Lee's bad faith conduct, the Defendants' motion to dismiss must be, and is, granted.

## II.

In light of the Court's dismissal of the Plaintiff's Complaint, the Court (1) denies the Defendants' motion for summary judgment because of mootness, and (2) denies Lee's motion to compel for the same reason (i.e., mootness).

IT IS SO ORDERED.

Dated:     March 29, 2006                             s/ Julian Abele Cook, Jr.
               Detroit, Michigan                             JULIAN ABELE COOK, JR.
                                                                        United States District Judge


### Certificate of Service

I hereby certify that on March 29, 2006,  I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                                        s/ Kay Alford
                                                                        Courtroom Deputy Clerk